# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Mayco Daniel Martinez Jimenez, individually and on behalf of themselves and all other similarly situated persons, known and unknown | ) ) ) ) ) | Case No. 24-cv-305 |
| Plaintiffs. | ) ) | |
| v. | ) ) | Hon. Judge |
| Café Basil Groups, LLC d/b/a Sweet Basil Restaurant, April Mankiewicz, Basil Group I, LLC, Denise Karonis, and Jim Karonis | ) ) ) ) | |
| Defendants. | ) ) | Cal. |

## CLASS AND COLLECTIVE ACTION COMPLAINT

**NOW COMES** Plaintiff, Mayco Daniel Martinez Jimenez, individually and on behalf of himself and all other similarly situated persons, known and unknown ("Plaintiff"), by attorneys James R. Mata and James M. Dore from Justicia Laboral LLC, and complains against Defendants, Café Basil Groups, LLC d/b/a Sweet Basil Restaurant ("Basil"), April Mankiewicz, Basil Group I, LLC, Denise Karonis and Jim Karonis,(jointly "Defendants") and in support of this Complaint, states:

### Introduction and Parties

1. This class action seeks redress for Defendants' willful violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*, and the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 203, *et seq.* for failure to pay overtime and/or minimum wages owed.

2. Plaintiff, Mayco Daniel Martinez Jimenez, is a resident of Bloomington, Illinois; he was formerly employed by Defendants in Algonquin, Illinois.

1

3. Defendant, Café Basil Groups, LLC d/b/a Sweet Basil Restaurant is an Illinois limited liability company in the restaurant services business in Algonquin, in Kane County, Illinois; during all relevant periods, upon information and belief, Defendant, Café Basil Groups, LLC d/b/a Sweet Basil Restaurant employed in excess of 30 different employees.

4. On information and belief, April Mankiewicz is a Manager of Café Basil Groups, LLC and she is in charge of its employees. On information and belief, she is a resident of Streator, Illinois.

5. On information and belief, Denise Karonis is a Manager of Café Basil Groups, LLC and she is in charge of its employees. On information and belief, she is a resident of Streator, Illinois.

6. On information and belief, Jim Karonis is a Manager of Café Basil Groups, LLC and he is in charge of its employees. On information and belief, he is a resident of Streator, Illinois.

7. On information and belief, Basil Group I, LLC is an Illinois limited liability company and a Manager of Café Basil Groups, LLC and is in charge of its employees

8. Defendant Café Basil Groups, LLC is a restaurant in the Sweet Basil Restaurant chain d/b/a Sweet Basil Restaurant along with other Sweet Basil restaurants in Illinois. *See* Exhibit 1 attached and incorporated herein.

9. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 U.S.C. § 203(s)(1)(A)(i) and (ii) because they have an annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, they have more than three employees.

**Jurisdiction and Venue**

10. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the Northern District of Illinois because all or most underlying facts and transactions occurred in Algonquin, Illinois, and Defendants transact business in Kane County and Cook County, Illinois.

**The IMWL and the FLSA**

12. At all relevant times, Plaintiffs were Defendants' "employees" as that term is defined in the IMWL and the FLSA. Plaintiff and all members of the Class were employed by Defendants as restaurant cook or food service workers.

13. The IMWL requires employers to pay employees at a rate of time and a half their regular time for hours worked in excess of forty (40) per week. 820 ILCS 105/4a(1).

14. Section 7(g)(2) of the FLSA requires employers to pay employees at a rate of time and a half their regular time for hours worked in excess of forty (40) per week.

**Facts Common to Wage Claims**
**The IMWL and the FLSA**

15. Defendants hired Plaintiff to work as a restaurant cook/cleaner in Algonquin, Illinois; Plaintiff worked for Defendants in this position from approximately February 28, 2013 until July 14, 2023.

16. Plaintiff's job duties performing kitchen work cooking and cleaning does not fall into any of the exceptions or exemptions for workers under the IMWL or FLSA.

17. Plaintiff was an "employee" as that term is defined in the IMWL and FLSA.

18. Plaintiff was scheduled and required to work for Defendants at least 70 hours every week.

19. Plaintiff was paid-by-hourly rates of $15 per hour from his start of job until June 12, 2023, and $20 per hour thereafter.

20. Plaintiff was paid for all hours worked at straight-time, all the same rate of whatever rate as noted above per hour.

21. Plaintiff was not paid time-and-a-half wages rate for all of his hours worked in excess of forty (40) hours per week.

22. All similar employees of Defendants business were instructed by Defendants to be paid at the same hourly rates per hour.

23. Plaintiff and the Members of the Proposed Class were not paid the overtime rate of time-and-a-half on hours worked over forty (40) in a week.

24. Plaintiff and the members of the Proposed Class were entitled to be paid all the wages earned under the IMWL and FLSA.

25. Defendant, Café Basil Groups, LLC d/b/a Sweet Basil Restaurant, is an "employer" as that term is defined in the IMWL and FLSA as it is a privately-owned non-profit entity in the restaurant business in Algonquin, Illinois.

26. Defendant, April Mankiewicz, is an "employer" as that term is defined in the IMWL and FLSA as she is the manager and an agent of, Café Basil Groups, LLC d/b/a Sweet Basil Restaurant, a privately-owned non-profit entity in the restaurant business in Algonquin, Illinois.

27. On information and belief, Denise Karonis is an "employer" as that term is defined in the IMWL and FLSA, as she is a Manager of Café Basil Groups, LLC d/b/a Sweet Basil

Restaurant and an agent of, Café Basil Groups, LLC a privately-owned non-profit entity in the restaurant business in Algonquin, Illinois.

28. On information and belief, Jim Karonis is an "employer" as that term is defined in the IMWL and FLSA as he is a Manager of Café Basil Groups, LLC d/b/a Sweet Basil Restaurant and an agent of, Café Basil Groups, LLC d/b/a Sweet Basil Restaurant, a privately-owned non-profit entity in the restaurant business in Algonquin, Illinois.

29. On information and belief, Basil Group I, LLC is an "employer" as that term is defined in the IMWL and FLSA as it is a Manager of Café Basil Groups, LLC d/b/a Sweet Basil Restaurant, a privately-owned non-profit entity in the restaurant business in Algonquin, Illinois.

30. Defendant Café Basil Groups, LLC is a restaurant in the Sweet Basil Restaurant chain d/b/a Sweet Basil Restaurant along with other Sweet Basil restaurants in Illinois. *See* Exhibit 1 attached and incorporated herein.

31. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" and were in charge of its employees.

## Rule 23 Class Allegations

32. Plaintiff brings Count I of this Complaint under the IMWL, as a class action pursuant to 735 ILCS 5/2-801, *et seq.* and Federal Rule of Civil Procedure 23.

33. Plaintiff will seek to certify, as a class action all counts alleged herein under the IMWL. Plaintiff will ask this Honorable Court to determine the rights of the parties and to direct the Defendant to account for all hours worked and wages paid to the Class members during the temporality of the Class.

34. Plaintiff brings Count 1 of this Complaint under the IMWL as a class action pursuant to 735 ILCS 5/2-801, *et seq.*

35. Plaintiff will seek to certify, as a class action, the IMWL claim for Illinois-mandated minimum wages and overtime wages arising under the IMWL. Plaintiff will ask this Honorable Court to determine the rights of the parties and to direct the Defendants to account for all hours worked and wages paid to the class members during the temporality of the Class.

36. Plaintiff brings this matter as a class action pursuant to 735 ILCS 5/2-801, et seq. because:

A. The class of current and former employees of Defendants that Plaintiff seeks to represent is so numerous and exceeds thirty (30) individuals, that joinder of all class members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff estimates in excess of 30 employees at all times during which Plaintiff was employed that were subjected to the same employment practices in his warehouse.

B. The class representative and the class members have been similarly affected by Defendants' failure to pay wages, minimum wages and/or overtime wages; and they have each been denied proper pay for all hours worked.

C. Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

D. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members, rendering a class action as superior to other available methods for fairly and efficiently adjudicating the controversy. These common questions of law and fact include, without limitation, whether:

   i. Defendants failed to pay Plaintiff and the Class(es) overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Period.

E. The class representative suffered the same or similar injury as the class members arising out of the same conduct by Defendants, and the claims of the class representative are typical of the claims of the class, to wit: Defendants failed to pay Plaintiff and members of the class time-and-a-half wages for all of their hours worked in excess of forty (40) hours per week; and Defendants have a commonality of interest in the subject matter and remedy sought.

F. The class representative is able to fairly and adequately represent and protect the interests of the class, because he is a member of the putative class, and he has the same or similar injury as other members of the class, to wit, the failure to receive time-and-a-half wages for all hours worked in excess of forty (40) hours per week.

G. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the class members, this Honorable Court, and Defendants. Accordingly, a class action is necessary for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

H. The Defendants' books and records are material to Plaintiffs' action because they may disclose certain information about the hours worked by each employee and the rate of pay for that work.

I. Defendants violated the IMWL by refusing to compensate Plaintiff and the class members in a manner consistent with the minimum wage and overtime provisions of these laws.

37. Plaintiff brings this action on behalf of themselves and similarly situated individuals and will seek to certify 1 separate class, based upon the Defendant's violations alleged in its Count I. Plaintiff seeks to represent the Class defined as follows:

For Count 1

a. Class: All workers who were not paid the required overtime wage for overtime hours as required under the IMWL by Defendants within the State of Illinois any time within the applicable limitations period.

38. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

39. Upon information and belief, there are at least thirty (30) members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendants' personnel records.

40. Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other members are the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff

7

and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendants' wage payment violations.

41. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members.

42. Absent a class action, most members of the Class may find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

43. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of each Class.

44. Defendants have violated wage laws generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

45. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**Count 1 - Violation of the IMWL – On behalf of Plaintiff and the Class**

46. Plaintiff reincorporates by Paragraphs 1-45, as if set forth in full herein for Paragraph 46.

47. This count arises from Defendants' violation of the IMWL, by failing to pay Plaintiff the Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

48. Defendants scheduled Plaintiff and the Class Members to work over 40 hours per week.

49. Defendant paid straight-time for all hours worked to Plaintiff and each of the proposed Class Members.

50. Plaintiff and the Class Members were entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks, including time-and-one-half pay for all hours worked in excess of forty (40) hours per week.

51. Defendants did not pay Plaintiff and the Class the Illinois-mandated overtime wage for all hours worked over forty (40) in individual work weeks.

52. Defendants' failure to pay Plaintiff and the Class the Illinois-mandated time-and-one-half pay for all hours worked in excess of forty (40) hours per week is a violation of the IMWL.

53. Pursuant to 820 ILCS 105/12(a), Plaintiff and the Class are entitled to recover unpaid overtime for all hours worked in excess of forty (40) hours per week for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

**WHEREFORE** Plaintiff, on behalf of himself and the proposed Class of other similarly situated persons, respectfully requests that this Court:

a. Declare that Defendants' actions, as set forth herein, violate IMWL;

b. Determine that this action may be maintained as a class action pursuant to the IMWL and 735 ILCS 5/2-801;

c. Certify the Class of other employees so situated as Plaintiff, appointing Plaintiff as class representative, and the undersigned as class counsel;

d. Enter a judgment for all unpaid overtime worked by Plaintiff and members of the class for hours worked in which they were not paid the legally required minimum wage and for hours in excess of forty hours per week for the three years preceding the filing of this lawsuit;

e. Award injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the IMWL;

f. Award unpaid wages due to the Plaintiff and the Class, to be determined at trial or otherwise;

g. Award Statutory damages for Plaintiff and the Class, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS §205/2;

h. Awarding reasonable attorneys' fees, costs, and other litigation expenses as provided by the IMWL;

i. Awarding pre- and post-judgment interest, as allowable by law; and

j. Awarding such further and other relief as the Court deems just and equitable.

## FLSA Collective Action Allegations

54. Plaintiff brings this collective action for themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, liquidated damages and other damages related to Defendant's violation of the FLSA, including those employees who worked for Defendant in Illinois (the "Collective Class").

55. Plaintiffs pursue the requested relief on behalf of the following proposed Collective Class:

> All individuals who currently work, or have formerly worked for Defendants going back three years before the filing date of this lawsuit, who have been deprived of being paid for hours worked

over forty (40) in a week at the rate of time-and-a-half overtime wages.

56. Plaintiff is a member of the Collective Class they seek to represent, because they were denied all wages earned during their shift by virtue of the fact that they were deprived of overtime wages, which wages should have included s overtime wages for hours worked over forty (40) in a week that Defendant failed to pay Plaintiff.

57. This action may be properly maintained as a collective action because Plaintiff and the members of the Collective Class are similarly situated.

58. Plaintiff estimates that the Collective Class, including both current and former employees over the relevant period, will include at least thirty (30) members. The precise number of Collective Class Members should be readily available from Defendant's personnel, scheduling, time records, and from input received from the collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the Collective Class, its members may be informed of the pendency of this action directly via U.S. mail and/or via electronic mail.

59. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## Count II – Violation of the FLSA -Failure To Pay Overtime Wages

60. Plaintiffs incorporate by reference Paragraphs 1-59, as if set forth in full herein for this Paragraph 60.

61. Plaintiffs have consented in writing to be a party to this action pursuant to 29 USC § 216(b).

62. Defendants were the employer of Plaintiff/the Collective Class.

63. Defendants willfully failed to pay Plaintiffs and the Collective Class all wages for hours worked, by failing to pay Plaintiff and the Collective Class for hours worked over forty (40) per week in violation of 29 C.F.R. § 785.19.

64. Defendants' violations of the FLSA described herein have been willful and intentional. Notably, Defendants have not made a good faith effort to comply with the FLSA with respect to compensation owed to Plaintiff or the Collective Class.

65. Due to Defendant's FLSA violations, Plaintiffs and the Collective Class are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest pursuant to the FLSA, specifically 29 USC § 216(b).

66. As a direct and proximate result of Defendant's actions, Plaintiff and the Class have suffered damages. For Plaintiff individually, his unpaid wages are at least $225 per work week for every week within the applicable statute of limitations; and Plaintiff's damages are representative of the entire class.

**WHEREFORE**, Plaintiff individually and on behalf of himself and the proposed collective, known and unknown, respectfully prays for relief to the Court:

a. The designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issue of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue;

b. An order requiring Defendants to file with the Court and provided to Plaintiffs' counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendants during the three years prior to the filing of this Complaint;

c. Authorizing Plaintiff's counsel to issue a notice informing collective members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

d. Finding that Defendants willfully violated the applicable wage provisions of the FLSA and by failing to pay all required wages to Plaintiff and Collective Members;

e. All damages available, including all unpaid wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

f. Granting judgment in favor of Plaintiffs and the Collective Members on their FLSA claims;

g. Awarding compensatory damages and liquidated damages to Plaintiffs and the Collective Members in an amount to be determined at trial;

h. Awarding pre-judgement and post-judgment interest to Plaintiffs and the Collective Members;

i. Awarding all costs and reasonable attorney's fees incurred prosecuting the claims;

j. Awarding reasonable incentive awards to the Named Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interest of other Collective Members, and the risks they are undertaking;

k. Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

l. Awarding any further relief the Court deems just and proper; and

m. Granting leave to add additional case plaintiff(s) by motion, the filing of written consent forms, or any other method approved by the Court.

/s/ *James R. Mata*
Attorney For Plaintiff

James R. Mata (ARDC 6267571) (Cook 45224)
James M. Dore (ARDC 6296265)
Attorney For Plaintiff
**Justicia Laboral, LLC**
6232 N. Pulaski, #300
Chicago, IL 60646
773-415-4898
Email: jmata@justicialaboral.com
jdore@justicialaboral.com

**Plaintiff(s) and the Class Members demand trial by jury for all counts where allowed**

## **CONSENT TO BECOME A PARTY PLAINTIFF**

1. I, Mayco Daniel Martinez Jimenez, consent to sue as a Plaintiff in this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*

2. During the applicable period, i.e. the three years preceding the filing of this Complaint, I was an employee of Defendants and was not paid properly for all hours worked.

3. By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendants' failure to pay all wages due and owing in accordance with Federal Law.

_____
Name: Mayco Daniel Martinez Jimenez

Date:_____

15